# UNITED STATES DISTRICT COURT
for the
Middle District of Tennessee

| | |
|---|---|
| United States of America<br>v.<br><br>ELIJAH TYRELL McNEAL<br><br>*Defendant(s)* | Case No. 22-mj-4129 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **February 24, 2022** in the county of **Davidson** in the **Middle** District of **Tennessee**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code Sections 922(o) and 924 | Unlawful possession of a machine gun |
| Title 26, United States Code Section 5861(d) | Possession of a firearm not registered in the National Firearms Registration and Transfer Record |

This criminal complaint is based on these facts:

See Attached statement in support of complaint

☑ Continued on the attached sheet.

/s/ Reginald Johnson
*Complainant's signature*

S/A Reginald Johnson ATF
*Printed name and title*

Sworn to me remotely by telephone, in compliance with Fed. R. Crim. P. 4.1.

Date: 04/08/2022

*Judge's signature*

City and state: Nashville, Tennessee — Alistair E. Newbern, U.S. Magistrate Judge
*Printed name and title*

**STATEMENT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Reginald Johnson, being first duly sworn on oath, state as follows:

1. I am a Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so employed since 2016. I am currently assigned to the Nashville Field Office and have participated in numerous investigations that fall under the investigative jurisdiction of ATF including, but not limited to, violations involving the unlawful manufacture and possession of firearms and controlled substances. Prior to being an ATF Special Agent, I was a United States Secret Service (USSS) Special Agent for approximately nine years.

2. In my law enforcement career, I have participated in numerous criminal investigations, including those that fall under the investigative jurisdiction of ATF, including, but not limited to, violations involving the unlawful manufacture, sale, and possession of firearms and controlled substances.

3. The following information contained in this Affidavit is based on my training and experience, as well as information provided to me by other law enforcement officials (hereafter collectively referred to as "Agents"), and my review of investigative documents and other materials. I have not included all of the facts of the investigation and have only included the facts that are necessary to establish probable cause for the requested Criminal Complaint and arrest warrant. Any conversations contained herein are not verbatim and are only related in substance and part, except where a conversation includes quotations.

4. This Affidavit is submitted in support of a Criminal Complaint for the arrest of Elijah Tyrell McNEAL for the unlawful possession of a machine gun, in violation of Title 18, United States Code Sections 922(o) and 924; and possession of a firearm not registered to him in

1

the National Firearms Registration and Transfer Record in violation of Title 26, United States Code Section 5861(d).

## PROBABLE CAUSE

5. On February 11, 2022, the General Sessions Court of Hardeman County, Tennessee issued arrest warrants for McNEAL for Attempted First Degree Murder and Aggravated Assault.

6. On February 24, 2022, the United States Marshal Service (USMS) received a collateral lead requesting that the USMS locate and arrest McNEAL on the above described warrants. McNEAL was believed to be in the area of a specific address on Haynes Park Drive in Nashville, Tennessee, which is within the Middle District of Tennessee.

7. Later that day, members of the USMS were in the area of that Haynes Park Drive address and located a male resembling McNEAL who they observed get into the driver's seat of a Dodge Challenger. Agents determined that the Challenger was co-registered to MCNEAL and an immediate family member.

8. Agents then maintained surveillance of the vehicle as it departed the Haynes Park Drive address and traveled to a convenience store on Clarksville Pike. Agents observed a second male exit the passenger seat of the Challenger and enter the convenience store. The passenger then returned to the Dodge challenger after a short time. The Challenger then drove back to the Haynes Park Drive address.

9. Once the vehicle was back at the Haynes Park Drive address, members of the USMS initiated an effort to make contact with the driver of the Challenger. Upon the approach of the USMS members to the vehicle, the passenger of the Challenger immediately exited the passenger side door and surrendered to the USMS.

10. USMS Task Force Officer (TFO) Osborne then approached the driver's side door, opened the door and took McNEAL into custody. While TFO Osborne was taking McNEAL into custody, TFO Osborne observed in plain view one round of 9mm ammunition and a black in color pistol holster between MCNEAL's feet on the floorboard of the Challenger. TFO Osborne also observed a 9mm 50-round drum (pistol) magazine containing forty-three (43) rounds of 9mm ammunition. The drum was observed next to McNEAL's right thigh and was pressed against the Challenger's driver's side seatbelt locking device. While extricating McNEAL from the Challenger as a part of the arrest of McNEAL, TFO Osborne looked within reach of McNEAL and towards the back seat of the Challenger. When TFO Osborne looked in the back seat, he noticed a pistol in the back seat of the vehicle.

11. At the time of his arrest, McNEAL was nineteen years of age and was not a member of the military and had not been honorably discharged from the military. Therefore, under Tennessee Code Annotated § 39-17-1307(g)(1)(A), it is unlawful for McNEAL, who is under the age of twenty-one, to possess a firearm with the intent to go armed. Agents knew that McNEAL was under twenty-one at the time of his arrest and it was immediately apparent that the firearm in the back seat was therefore unlawfully possessed by McNEAL.

12. After McNEAL was taken into custody, USMS members conducted a search of the Challenger and recovered a Glock, Model: 19X, 9mm, pistol with an attached device which appeared to be consistent with other "Glock Switch" and/or Glock Auto Sear type machinegun conversion devices, the pistol had an empty magazine well.

13. On April 7, 2022, SA Raissi sent photographs of the Glock, Model: 19X, 9mm, pistol, with "Glock switch" attachment, to the ATF Firearms & Ammunition Technology Division

(FATD) for an initial preliminary review. An ATF Firearms Enforcement Officer (FEO) reviewed the photographs of the firearm with attachment in question and determined the device attached to the aforementioned Glock pistol appeared to be consistent with other "Glock Switch" type machinegun conversion devices their office had previously seen and classified as "machineguns", a final determination is pending.

14. ATF agents have determined that a machinegun – like the "Glock Switch" firearm recovered from McNEAL – is a firearm under the National Firearms Act (NFA), located at Title 26, United States Code § 5845(a). A machinegun is defined, in pertinent part, as "any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun." 26 U.S.C. § 5845(b). A Glock conversion device – commonly referred to as "Glock Switch" or "Glock Auto Sear" – is a part, or combination of parts, designed and intended for use in converting a semiautomatic Glock pistol into a machinegun; therefore, it is a "machinegun."

15. Title 18, United States Code § 922(o), prohibits the possession of a machinegun manufactured after May 19, 1986. ATF is not aware of any Glock conversion devices that were developed before May 19, 1986. Therefore, Glock conversion devices are considered post-1986 machineguns. Therefore, they may only be lawfully possessed by properly licensed Federal Firearms Licensees who have paid the appropriate Special Occupational Tax required of those manufacturing, importing, or dealing in NFA firearms under the authority of the United States and any department or agency thereof or a State or a department, agency, or political subdivision thereof. U.S.C. § 922(o). A records check showed the McNEAL is not a Federal Firearms Licensee
4

nor is there a record of him paying the appropriate Special Occupational Tax prior to possessing the above described machine gun.

16. An ATF Firearms Nexus Expert examined photographs of the aforementioned firearm and determined that it is firearm within the meaning of Title 18, United States Code, Section, 921(a)(3). The Firearms Nexus Expert also determined that the firearm was not manufactured in the State of Tennessee, and therefore the firearm had previously traveled in and affected interstate commerce.

17. Based upon the foregoing facts, I submit that there is probable cause to believe that McNEAL did unlawfully possess a machine gun, in violation of Title 18, United States Code Sections 922(o) and 924; and possessed a firearm which is not registered to him in the National Firearms Registration and Transfer Record in violation of Title 26, United States Code Section 5861(d) and I would request that a warrant be issued for his arrest.